Dear Mr. Santiny:
Our office was asked to reconsider the Letter of Advice released to you on March 12, 1997, in response to your opinion request regarding Mrs. Pat Bellanger's status as treasurer for the Town of Grand Isle.
After a thorough review of the pertinent minutes of the Town of Grand Isle's Board of Aldermen and letters received from yourself, Mr. Rob Rosiere, and Mrs. Pat Bellanger in response to questions posed, this office stands by the Letter of Advice and reiterates its content in this opinion with some clarifications.
Mrs. Bellanger was appointed Town Treasurer in 1983 by Resolution No. 2110 wherein then Mayor Andy Valence recommended her for the position and the Board of Aldermen approved the recommendation. Mrs. Bellanger was terminated on August 14, 1996, from the position of Grand Isle Town Treasurer by then Mayor Rob Rosiere.
The issues are as follows:
 1. Can Mrs. Bellanger be reinstated as the Town Treasurer?
 2. Would her reinstatement as Town Treasurer violate any code of ethics, as her father-in-law is now the Mayor of Grand Isle?
As per your ethical concerns, we understand that you have directed them to the Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, Louisiana, 70808, which is now awaiting this opinion before it proceeds in its response.
As previously stated in our March 12, 1997, letter to you, the Town of Grand Isle is a Lawrason Act municipality and, therefore, subject to the provisions of LSA-R.S. 33:321, et seq.
LSA-R.S. 33:404 (A)(3) mandates:
 A. The mayor shall have the following powers, duties, and responsibilities:
 Subject to applicable law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
The procedure decreed in LSA-R.S. 33:404 (A)(3) was followed by the Mayor and Board of Aldermen in hiring Mrs. Bellanger as the Town Treasurer via Resolution No. 2110. However, the actions taken in removing Mrs. Bellanger from that same position do not conform with the requirements of this statutory provision. The procedure applies to both the appointment and removal of the person filling the position at issue.
Mr. Rosiere's contention is that, by adopting Resolution No. 2157, the Board of Aldermen tacitly ratified Mrs. Bellanger's dismissal as Town Treasurer. Resolution No. 2157 authorized the change of signatures on all of the Town's bank accounts. Mrs. Bellanger's name is not listed as one of the names approved in the Resolution. Mr. Chighizola's does appear but no title is affixed to his name in the Resolution contained in the minutes.
Therefore, while the Board changed Mr. Chighizola's status to the approved signatory of the Town's bank accounts, no formal action, either tacit or express, approved his alleged status as the Town Treasurer.
Nothing else is the minutes reflects to any degree Mrs. Bellanger's alleged removal as Town Treasurer. Consequently, she remains the Town Treasurer insofar as the Lawrason Act considerations apply.
Note a clarification that, since Mrs. Bellanger did not perform any duties between August 14, 1997, until sometime in February of 1997, when she returned on a voluntary basis to the office, this period cannot be compensated for as no duties were performed. For the period where Mrs. Bellanger served on a "voluntary" basis, any compensation she is to receive retroactive to that period must reflect actual time worked. However, for all other purposes, Mrs. Bellanger may reassume the position of Treasurer and should be treated as if she was employed from her original employment.
Please contact this office if you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ Carlos M. Finalet, III Assistant Attorney General
RPI:CMF:glb